him any interest on the same. The plaintiff accepted the amount of the principal under protest.

The case was tried by the court without a jury. The parties stipulated "that, during a period from 1905 to 1911, the City of Chicago had, in numerous instances, repaid to the holders of similar certificates the principal and interest at the rate of three and one-half per cent. per annum upon said deposits, the interest being computed in these other cases at a period beginning two years after the date of the deposit of the money with the City up to the date of payment, and that the City has done this in cases where a survey had not been made." To reverse a judgment for defendant, plaintiff prosecutes a writ of error.

BURKE, JACKSON & BURKE, for plaintiff in error.

WILLIAM H. SEXTON, for defendant in error; NICHOLAS MICHELS, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

INTEREST, § 4*—*construction of agreement as to time interest begins to run.* A certificate of deposit given for money advanced to a city for having certain water pipe extensions made in a street, construed as providing that a specified rate of interest was to begin to run on the deposit two years after the date of the deposit, instead of two years after a survey showing a permanent annual revenue of ten cents per foot derived from the water mains so laid (following *Merchants Loan and Trust Co. v. City of Chicago,* 264 Ill. 76).

---

## Minnie Zahl and Louise Zahl, Defendants in Error, v. Mary A. Roberts, Plaintiff in Error.

### Gen. No. 19,475.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action of the fourth class in the Municipal Court of Chicago by Minnie Zahl and Louise Zahl against Mary A. Roberts. In the statement of claim the plaintiffs charged that the "defendant, Mary A. Roberts, wrongfully, wickedly and feloniously conspiring with one Fred F. Roberts, her husband, to cheat and defraud the plaintiffs induced them to deliver to her certain furniture then the property of the plaintiffs, of the value of, to-wit: Three Hundred and Fifty Dollars ($350.00) and to accept in payment therefor the note of one Rudolph E. Hamann, an employee of the defendant, which said note the defendant well knew the said Hamann was and would be unable to pay, and was therefore worthless, but which the defendant and said Fred F. Roberts represented to the plaintiffs was good. Plaintiffs aver further, that shortly thereafter the defendant sold the said furniture so wrongfully obtained by her, and received the entire proceeds of the said sale." The defendant filed an affidavit of merits specifically denying each and every one of the allegations of the statement of claim. The case was tried before the court without a jury, and the court found the defendant guilty, and assessed the plaintiffs' damages at the sum of $350 in tort, and judgment was entered upon the finding. To reverse the judgment, defendant prosecuted a writ of error.

Defendant urged as ground for reversal: (a) That the finding and judgment is wholly unsupported by the evidence in the case; (b) That the finding is contrary to the weight of the evidence; (c) that the finding and judgment of the Municipal Court are contrary to the findings of fact made and the propositions of law by the court.

The following proposition of law was submitted to the court by the defendant and marked "held":

"The court holds as a matter of law that before there can be any recovery by the plaintiffs in this case, the plaintiffs must prove by a preponderance of the

evidence that the defendant falsely represented to the plaintiffs that the note of Rudolph E. Hamann was good; and that the plaintiffs, relying upon such representations of the defendant and believing such representations to be true, accepted said note in payment of the furniture in question; and the plaintiffs must further prove that at the time the defendant made such representations, said representations were in fact false and that the defendant knew such representations to be false.''

CHARLES C. SPENCER, for plaintiff in error.

CYRUS J. WOOD and WILLIAM G. WOOD, for defendants in error; ERNEST C. RENIFF, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. CONSPIRACY—*when finding of guilty not inconsistent with special findings.* In an action for damages alleged to have resulted from defendant wrongfully conspiring with her husband to defraud plaintiffs by inducing them to deliver to defendant their furniture and to accept in payment the note of an irresponsible third person, a finding of guilty is not inconsistent with and contrary to special findings of fact, to the effect that defendant did not personally induce the plaintiffs to deliver the furniture and to accept the note in payment therefor.

2. CONSPIRACY—*propositions of law.* In an action for damages alleged to have resulted from defendant conspiring with her husband to defraud plaintiffs by inducing them to deliver furniture to defendant and to accept the note of an irresponsible person in payment therefor, a proposition of law with reference to matters plaintiff was required to prove by a preponderance of the evidence, *held* to correctly state the law governing the case.

W. F. Hanlon, Defendant in Error, v. John P. Dunne, Plaintiff in Error.

Gen. No. 19,504.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.